

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 2, 1973

Honorable James C. Jernigan                    Opinion No. H-23
Chancellor, Texas A & I University
Kingsville, Texas                              Re: Authority of Texas A & I
                                                   University to acquire real
                                                   property by purchase or
Dear Chancellor Jernigan:                          lease.

Your first question asks whether Article 2628a-5, Vernon's Texas
Civil Statutes, or some other statute, will authorize Texas A & I
Board of Directors to receive, as a gift, property located in Kingsville
to be used by the Board of Directors as it deems advisable.

Your second question is contingent upon a negative answer to the
first and asks whether, in the event the University could not accept
the property as a gift, could the property be given to the Texas A & I
Development Foundation, Inc., a public foundation, and leased by
it to the University for a nominal amount.

Your third question asks whether the University may purchase
or lease-purchase a tract of land of twenty-six acres for the operation
of the Texas A & I University Citrus and Vegetable Training Center
in Weslaco.

Because you refer specifically to Article 2628a-11, Vernon's
Texas Civil Statutes, we assume you are referring to land to be
used as farm land. The provisions of Articles 2628a-1 through 2628d,
Vernon's Texas Civil Statutes, have been repealed and are now found
as Sections 104. 01 through 104. 93 of the Education Code (Acts. 1969,
61st Leg., Ch. 889) as amended.

The general powers of Texas A & I University at Kingsville are
found in § 104. 21, Texas Education Code, which provides:

"With respect to the management and control of the university, the Board has the same powers and duties that are conferred on the Board of Regents, State Senior Colleges, with respect to institutions in that system, except as otherwise provided by this chapter."

Section 95.31, Texas Education Code, providing the powers of the State Senior College System to acquire land, provides that the Board may acquire land "by purchase or by condemnation". In addition, § 55.11 of the Texas Education Code, applicable generally to institutions of higher education, provides:

"Each board is authorized to acquire, purchase, construct, improve, enlarge, equip, operate, and/or maintain any property . . ."

In 1972 you requested the opinion of this office as to whether Texas A & I University had authority to acquire property by donation. In Attorney General Opinion M-1158 (1972) it was concluded that Texas A & I could legally acquire land by donation. This conclusion was reached by interpreting "purchase", as used in § 55.11, to include all lawful acquisitions of real estate by any means whatever, except by descent. In addition to the authority cited in Opinion M-1158 we would also call to your attention the fact that, in the Uniform Commercial Code, §L.201 (Acts. 1965, 59th Leg., Ch. 721), the word "purchase" is defined to include the taking of an interest in property by any voluntary transaction including, specifically, a gift.

It is therefore, our opinion, in answer to your first question, that the Board of Directors of Texas A & I does have authority to receive the gift mentioned. This renders it unnecessary for us to answer your second question.

Relative to your third question, this office in its Opinion M-832, answered a request from the Board of Regents of Stephen F. Austin State University inquiring, in part, as to the authority of that university to lease a stadium. We attach a copy of the opinion. Under reasoning similar to that employed in M-1158, this office concluded that the word "purchase" included acquisition by means of a lease as did the word "acquire" used in § 95.31 of the Texas Education Code.

Honorable James C. Jernigan, page 3 (H-23)

Section 104.51 of the Education Code (formerly Article 2628a-11, §1 of Vernon's Texas Civil Statutes) authorizes the Board of Texas A & I University to purchase farm land. In line with our opinion that "purchase" includes "lease", and assuming that a "lease-purchase" as you used the word in your third question refers to a character of lease somewhat in the nature of an option to purchase, it is our conclusion that Texas A & I does have the authority either to purchase or to lease-purchase the tract of land in question and your third question is answered in the affirmative.

### SUMMARY

Texas A & I University has authority to accept donations of property for use as the Board of Directors may deem advisable and also to either purchase or acquire by lease-purchase a tract of land to be used for farmland in connection with the Texas A & I University Citrus and Vegetable Training Center at Weslaco.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee